# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOCHIRCO FRUIT AND PRODUCE COMPANY, INC., and THE HAPPY APPLE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TARUKINO HOLDINGS, INC., TARUKINO, LLC, and VENSPARK, INC.<br><br>Defendants. | Case No. 2:18-cv-00763<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

For their Complaint against Defendants Tarukino Holdings, Inc. ("Tarukino Holdings"), Tarukino, LLC ("Tarukino, LLC"), and Venspark, Inc. ("Venspark") (collectively "Defendants"), Plaintiffs Lochirco Fruit and Produce Company, Inc. ("Lochirco") and The Happy Apple Company ("Happy Apple Co.") (collectively, "Plaintiffs") state as follows:

## NATURE OF THE CASE

1. This is an action for trademark infringement and unfair competition in violation of Section 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a); for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) and Washington statute, Wash. Rev. Code § 19.77.160; for trademark cybersquatting in violation of

COMPLAINT - 1
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); and for unfair and/or deceptive acts and/or practices in violation of Washington statute, RCW 19.86.020 *et seq*. Plaintiffs seek to enjoin Defendants' acts, to recover damages and Defendants' profits, and all other appropriate relief, including an order enjoining Defendants from using Plaintiffs' trademark and requiring Defendants to transfer the domain name *happyapple.com* to Plaintiffs.

2. This action arises out of Defendants' knowing and willful violation of Plaintiffs' rights in its widely recognized and distinctive "HAPPY APPLE" trademark (the "HAPPY APPLE" mark). Defendants are unlawfully advertising and selling products and/or services under an identical name to Plaintiffs' trademark, in violation and dilution of Plaintiffs' trademark rights. Defendants have used and continue to use the HAPPY APPLE mark in commerce without authorization and with full knowledge that they are not authorized to use the HAPPY APPLE mark. Specifically, Defendants have used, and continue to use, the HAPPY APPLE mark without authorization for apple-flavored beverages laced with marijuana ("the Infringing Uses"). Defendants have also used and continue to use the HAPPY APPLE mark without authorization in their domain name *happyapple.com* ("the Infringing Domain Name").

3. Defendants' unlawful use of the HAPPY APPLE mark is likely to cause—and in fact has already caused—people to believe, erroneously, that HAPPY APPLE has endorsed Defendants' products and/or is affiliated with Defendants' products, thereby jeopardizing the goodwill and tarnishing the reputation associated with the HAPPY APPLE mark, and confusing consumers regarding the nature of Plaintiffs' companies.

4. Defendants' unlawful acts have damaged Plaintiffs' ability to identify and distinguish the products and services Plaintiffs provide under the HAPPY APPLE mark and thus dilute the distinctive quality of the HAPPY APPLE mark. Furthermore, Defendants' use of the well-recognized and distinctive HAPPY APPLE mark has tarnished the goodwill and reputation of the HAPPY APPLE mark by confusing consumers regarding Plaintiffs' affiliation with Defendants' marijuana-infused apple beverages.

5. In addition, on information and belief, Defendants have profited from their unauthorized use of the HAPPY APPLE mark and the Infringing Domain Name and have made

COMPLAINT - 2
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

unauthorized commercial use of the HAPPY APPLE mark in Washington to their benefit and to the detriment of Plaintiffs and of consumers, in violation of the laws set forth above.

## PARTIES

6. Lochirco is a Missouri corporation, with its principal place of business at 527 Commercial Drive, Union, Missouri.

7. Lochirco distributes caramel apples throughout the United States, including the State of California and the State of Washington, and has expanded its product lines to include apple cider and fresh apples under the HAPPY APPLE mark.

8. Lochirco has continuously used the HAPPY APPLE mark to sell apples and apple products since at least as early as 1970.

9. Since at least as early as 1989, Lochirco has authorized the Happy Apple Company to sell, offer for sale, and distribute apples and apple products on the West Coast using the HAPPY APPLE mark.

10. The Happy Apple Company is a California corporation, with its principal place of business at 41889 Road 120, Orosi, California.

11. On information and belief, Defendant Venspark, Inc., is a Washington corporation, with its principal place of business at 8201 164th Avenue NE, Redmond, Washington.

12. On information and belief, Defendant Tarukino Holdings, Inc., is a Delaware corporation, with its principal place of business at 3958 6th Avenue NW, Seattle, Washington.

13. On information and belief, Defendant Tarukino, LLC is a Washington limited liability company with its principal place of business at 3958 6th Avenue NW, Seattle, Washington.

14. Defendants use the HAPPY APPLE mark as well as similar designations that contain the HAPPY APPLE mark in connection with their own products and/or services in a way that infringes and dilutes Plaintiffs' trademark rights.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1338(a), 1338(b), and 1367(a). There is also diversity jurisdiction,

COMPLAINT - 3
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

pursuant to 28 U.S.C. §1332, as the parties are citizens of different states, and the value of the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

16. Defendants are subject to this Court's jurisdiction with respect to this action because Defendants' conduct giving rise to Plaintiffs' claims occur in the State of Washington, as Defendants sell and/or distribute marijuana-infused beverages to recreational marijuana retailers throughout Washington bearing Plaintiffs' HAPPY APPLE mark.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391, as Defendants reside in this District pursuant to 28 U.S.C. § 1391(c)(2). Additionally, a substantial part of the events giving rise to Plaintiffs' claims occur in this District, as Defendants have sold and/or distributed their beverages and committed tortious acts in this District.

## FACTS ENTITLING PLAINTIFFS TO RELIEF

**A. Plaintiffs' Widespread and Substantial Use of the HAPPY APPLE mark.**

18. Since at least as early as 1970, Lochirco has enjoyed a reputation for its wholesome apple products sold under the HAPPY APPLE mark, beginning with caramel apples and expanding to include fresh apples and apple cider in the 1980s (the "apple products").

19. Lochirco has continuously used the HAPPY APPLE mark without interruption since at least as early as 1970 to sell the apple products.

20. In 1989, Lochirco authorized Happy Apple Company to sell the apple products bearing the HAPPY APPLE mark on the West Coast, including the State of Washington.

21. To its knowledge, Plaintiffs' use of the HAPPY APPLE mark has been exclusive during this time in relation to the products set forth and described above, and no other entity has the right to use a mark similar to the HAPPY APPLE mark in connection with the products set forth and described above.

22. Plaintiffs have invested significant resources to develop and foster the reputation, recognition, and goodwill associated with their apple products and the HAPPY APPLE mark.

23. Plaintiffs have advertised, and continue to advertise, their apple products bearing the HAPPY APPLE mark throughout the United States, including without limitation via its website located at *happyapples.com* and through social media.

COMPLAINT - 4
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

24. Plaintiffs' apple products bearing the HAPPY APPLE mark are marketed and sold in highly visited stores all over the country, including at numerous retail stores in the State of Washington. A non-exclusive list of such retailers in the State of Washington includes Walmart and Kroger as well as other smaller distributors of produce throughout the state.

25. As a result of its nationwide presence and high-quality apple products, the HAPPY APPLE mark is well-recognized and distinctive.

26. Plaintiffs take pride in selling wholesome products, and Lochirco chooses to put the HAPPY APPLE mark only on products that further this image.

27. Through its continuous use of the HAPPY APPLE mark over more than four decades, Lochirco has built up substantial goodwill in the HAPPY APPLE mark and has developed significant common law rights in the HAPPY APPLE mark.

**B. Defendants Unlawful Use of Plaintiff's HAPPY APPLE Mark and Defendants' Failure to Comply with Plaintiffs' Notices.**

28. Defendants sell, offer for sale, and/or distribute beverages infused with marijuana. Defendants advertise, sell, and/or distribute a marijuana-laced apple beverage branded HAPPY APPLE to recreational marijuana retailers in the State of Washington.

29. Defendants' website advertising the marijuana-laced apple beverage includes several images and references to fresh apples. Screen shots of Defendants' website reflecting these images and references are attached hereto as Exhibit A.

30. Defendant relies upon social media to promote its products, and these posts include caramel apples, fresh apples and apple drinks such as apple cider. Screen Shots of Defendants' social media accounts reflecting these images are attached hereto as Exhibit B.

31. On information and belief, Defendants began using the HAPPY APPLE mark in or around June 30, 2017. *See* State of Washington Trademark Certificate, attached hereto as Exhibit C. Plaintiffs became aware of Defendants' infringing actions in or around the fall of 2017.

32. On January 8, 2018, Lochirco sent a letter to Defendant Venspark at the address listed for Venspark's registered agent on Washington's Secretary of State website. *See* Letter

COMPLAINT - 5
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

from Sandra J. Wunderlich, Attorney, Tucker Ellis LLP, to Juan Jorge Ayala, Venspark, Inc., (Jan. 8, 2018), attached hereto as Exhibit D.

33. The letter informed Defendant Venspark of its infringement and disparagement of Plaintiffs' HAPPY APPLE mark and requested that Defendant Venspark discontinue use of the HAPPY APPLE mark.

34. Defendant Venspark did not reply.

35. On February 16, 2018, after discovering that Tarukino Holdings, Inc. had been added to the website advertising the marijuana-laced apple beverage branded HAPPY APPLE, Lochirco sent a letter to Defendant Tarukino Holdings, informing Tarukino Holdings of its infringement and disparagement of Plaintiffs' HAPPY APPLE mark and requesting that Tarukino Holdings discontinue use of the HAPPY APPLE mark. *See* Letter from Sandra J. Wunderlich, Attorney, Tucker Ellis LLP, to The Corporation Trust Company, Tarukino Holdings, Inc., (Feb. 16, 2018), attached hereto as Exhibit E.

36. Late on the evening of Monday, February 26, 2018, counsel for Tarukino Holdings and Tarukino LLC left a voicemail for Lochirco's counsel stating that she had "just received the letter from Lochirco" and claimed that she needed additional time to evaluate the allegations.

37. On Wednesday, February 28, 2018, after acknowledging Lochirco's notice of the infringement and demand that it discontinue use of the HAPPY APPLE mark, before responding to Lochirco's letter, Defendant Tarukino, LLC filed to register the word trademark "HAPPY APPLE" with a product description of "Light Beverages" with the State of Washington. *See* Tarukino LLC's Trademark Application, (signed Feb. 28, 2018), attached hereto as Exhibit F.

38. In its application for registration of the trademark, Tarukino LLC alleged that its date of first use of the Happy Apple designation was June 30, 2017.

39. The Washington Secretary of State issued a trademark registration on March 8, 2018. *See* State of Washington Trademark Certificate, attached hereto as Exhibit C.

40. A week after the Washington Trademark Certificate issued, and a month after Lochirco's second notice of Defendants' infringing acts, Tarukino, LLC responded to the

COMPLAINT - 6
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

January 8 and February 16 letters on March 16, 2018. *See* Letter from Krista Wittman, Attorney, Cascadia Intellectual Property, to Sandra J. Wunderlich, Attorney, Tucker Ellis LLP (Mar. 16, 2018), attached hereto as Exhibit G.

41. In its response, Defendant Tarukino LLC did not indicate it would stop using the HAPPY APPLE mark, and instead claimed it needed additional information to evaluate the trademark rights of Lochirco.

42. Lochirco replied to Tarukino, LLC's letter providing proof of its use of the HAPPY APPLE mark long before Tarukino and again urging Tarukino, LLC to cease using the HAPPY APPLE mark. *See* Letter from Sandra J. Wunderlich, Attorney, Tucker Ellis LLP, to Krista Wittman, Attorney, Cascadia Intellectual Property (Apr. 9, 2018), attached hereto as Exhibit H.

43. To date, Tarukino LLC has not responded to the April 9 letter.

44. Defendants, despite notification that their continued unauthorized use of the HAPPY APPLE mark constitutes trademark infringement and trademark dilution, continue to use the HAPPY APPLE mark and continue to benefit from their unauthorized use.

45. Lochirco's use of the HAPPY APPLE mark predates Defendants' use of the HAPPY APPLE mark.

46. Defendants' use of the HAPPY APPLE mark is confusingly similar to Plaintiffs' use of the HAPPY APPLE mark, as both are in the business of providing apple-flavored beverages and apples. *See* Exhibit I.

47. Defendants' website and social media posts contribute to the likelihood of confusion with Lochirco's products.

48. Defendants' use and operation of the domain name *happyapple.com* furthers this confusion, as Plaintiffs' operate *happyapples.com*. *See* Exhibit J.

49. Defendants' activities described above are without Plaintiffs' permission or consent.

50. Upon information and belief, Defendants were aware of Lochirco and its use of the HAPPY APPLE mark before adopting the Happy Apple designation for their marijuana-infused

COMPLAINT - 7
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

apple flavored beverage.

51. The sale and distribution of marijuana and marijuana-laced products is in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, which classifies marijuana as a Schedule 1 controlled substance.

52. Defendants' association of apple products with marijuana has caused damage and will cause damage to Plaintiffs' business interests.

53. Defendants' infringing activities described above are willful and dilute and disparage Plaintiffs' HAPPY APPLE mark.

54. Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Plaintiffs and to consumers, who have an interest in being free from confusion, mistake, and deception.

55. Plaintiffs have no adequate remedy at law and will be irreparably harmed if Defendants are permitted to use the HAPPY APPLE mark in the United States in connection with their products and services

**FIRST CAUSE OF ACTION**
**Trademark Dilution Under 15 U.S.C. § 1125(c)**

56. Plaintiffs incorporate by reference each and every paragraph above as if restated herein.

57. The HAPPY APPLE mark is well-known and associated with wholesome apple products and is famous as defined by 15 U.S.C. § 1125 (c)(2)(A).

58. Defendants adopted their dilutive HAPPY APPLE mark after Lochirco began using the mark and after the HAPPY APPLE mark had become associated with wholesome apple products.

59. The use of Defendants' HAPPY APPLE mark is likely to cause, and does cause, dilution of the HAPPY APPLE mark.

60. The use of Defendants' HAPPY APPLE mark harms Plaintiffs and is likely to cause, and does cause, a decrease in the ability of the HAPPY APPLE mark to maintain its distinctiveness and close association with Plaintiffs and/or maintain its excellent reputation for

COMPLAINT - 8
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

wholesome products in the minds of consumers.

61. On information and belief, as a foreseeable result of Defendants' release of marijuana-laced apple beverages branded with the HAPPY APPLE mark, as well as Defendants' efforts to promote the link between said marijuana and the brand, Defendants have blurred and tarnished the HAPPY APPLE mark and its reputation for wholesome apple products. Non-exhaustive examples of Defendants' efforts to associate the HAPPY APPLE mark with marijuana are attached as Exhibits A, B, F & I.

62. Defendants encourage the use of social media, including Twitter, Facebook and Instagram, in connection with Defendants and their use of the HAPPY APPLE mark. Exhibit B contains non-exhaustive examples of Defendants' use of social media to promote its product.

63. Defendants' use of its dilutive HAPPY APPLE mark is commercial and in commerce.

64. Defendants' first use in commerce of its dilutive HAPPY APPLE mark began in or around June 30, 2017. *See* State of Washington Trademark Certificate, attached hereto as Exhibit C.

65. Defendants willfully intended to trade on the recognition of the famous HAPPY APPLE mark.

66. As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that will be established at trial.

67. Defendants' dilution described herein irreparably harms Plaintiffs in that the harm to Lochirco's reputation is immeasurable, and there is no adequate remedy at law.

68. The balance of equities weighs in favor of an injunction.

**SECOND CAUSE OF ACTION**
**Trademark Infringement Under 15 U.S.C. § 1125(a)(1)(A)**

69. Plaintiffs incorporate by reference each and every paragraph above as if restated herein.

70. Plaintiffs have a valid, protectable trademark.

COMPLAINT - 9
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

71. By misappropriating, using and copying the HAPPY APPLE mark, Defendants are misrepresenting and falsely describing to consumers the origin, sponsorship, or approval of its products and services. Defendants' use in commerce of the HAPPY APPLE mark in connection with their commercial activities is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants, its products, and its commercial activities, by or with Plaintiffs, in violation of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

72. On information and belief, Defendants' acts were in conscious and willful disregard of Plaintiffs' rights.

73. As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that will be established at trial.

74. Defendants' activities described herein irreparably harm Plaintiffs, and there is no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**Cybersquatting Under 15 U.S.C. § 1125(d)**

75. Plaintiffs incorporate by reference each and every paragraph above as if re¬stated herein.

76. Plaintiffs' HAPPY APPLE mark is distinctive and well-known and protectable.

77. Defendants have registered, trafficked in, and/or used the happyapple.com domain name.

78. The happyapple.com domain name is confusingly similar to the HAPPY APPLE mark.

79. A cursory Google® search of the terms "HAPPY APPLE" reveals Plaintiffs' HAPPY APPLE brand as the first several results.

80. Simple due diligence on the part of Defendants would have, and likely did, reveal the existence of Plaintiffs and their long-time use of the HAPPY APPLES mark throughout the country.

COMPLAINT - 10
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

81. On information and belief, Defendants acted with a bad faith intent to profit from the HAPPY APPLE mark.

82. As only one example of the bad faith intent of Defendants is their failure to respond to Lochirco's concerns regarding Defendants' use of the HAPPY APPLE mark and the rush to register the infringing mark in spite of Lochirco's notice of infringement.

83. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill

## FOURTH CAUSE OF ACTION
## Trademark Dilution in Violation of RCW 19.77.160

84. Plaintiffs incorporate by reference each and every paragraph above as if re¬stated herein.

85. Plaintiffs own a mark that is famous in Washington as defined by RCW 19.77.160.

86. Defendants' acts violate RCW 19.77.160. Defendants' Infringing Uses are intended to derive commercial benefit from Plaintiffs' already well-known and distinctive mark, causing a likelihood of injury to Plaintiffs' business reputation and/or a dilution of the distinctive value and goodwill associated with the HAPPY APPLE mark, causing damages to Plaintiffs.

87. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

88. Defendants' violation of RCW 19.77.160 has caused and will continue to cause irreparable damages to Plaintiffs, for which Plaintiffs have no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring Plaintiffs and confusing the public.

## FIFTH CAUSE OF ACTION
## Unfair and/or Deceptive Acts and/or Practices in Violation of RCW 19.86.020

89. Plaintiffs incorporate by reference each and every paragraph above as if re¬stated herein.

COMPLAINT - 11
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

90. The foregoing acts of Defendants violate RCW 19.86.020 et seq. Defendants' Infringing Uses are injurious to the public interest because they are unfair and/or deceptive acts and/or practices in commerce that have caused, and continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of products provided.

91. Defendants' acts occurred in trade or commerce.

92. The public interest is impacted because members of the general public are likely to be confused as to whether Defendants are affiliated with Plaintiffs. Defendants' conduct has had, and will continue to have, an adverse impact on the general public because it wrongly suggests a cooperative business relationship that does not exist.

93. As a direct and proximate result of Defendants' unfair and/or deceptive acts and/or practices, the general public has mistakenly believed, and will continue to believe, that Defendants' products are approved or endorsed by, or otherwise affiliated with Plaintiffs.

94. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

95. Plaintiffs and the general public have been, and continue to be, irreparably damaged by Defendants' violation of RCW 19.86.020 et seq., and Plaintiffs have no adequate remedy at law.

96. Defendants' acts caused this damage.

97. Unless enjoined, Defendant will continue the Infringing Uses, further injuring Plaintiffs and confusing the public.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor on each and every count set forth above and award it relief including, but not limited to, the following:

1. An award of damages in an amount to be determined at trial, but exceeding $75,000.
2. Double or triple damages as allowed by law.

COMPLAINT - 12
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

3. Special, exemplary, and punitive damages as allowed by law.
4. An Order holding that Defendants' actions described above infringe Plaintiffs' HAPPY APPLE mark and that Defendants' actions constitute trademark infringement, trademark dilution, unfair competition, trademark cybersquatting, and unfair and/or deceptive trade practices.
5. An Order preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, cultivators, distributors, dispensaries, dealers, and all persons in active concert or participation with any of them:
    a. from using the HAPPY APPLE mark, or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to said mark or that tend to continue any link in consumers' minds between Defendants and Plaintiffs or the HAPPY APPLE mark, in any manner or form, in connection with any goods or services, and
    b. from representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are sponsored or approved by, or are or have at any time been associated, affiliated, or connected with Plaintiffs in any way;
6. An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, clothing and any other materials containing infringing marks and/or false claims in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives;
7. An Order requiring Defendants to disable the website located at happyapple.com and requiring Defendants to transfer the happyapple.com domain to Plaintiffs;

COMPLAINT - 13
[Case No.: 2:18-cv-00763]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

8. An Order directing Defendants, with respect to all state trademark registration systems, to withdraw, cancel or otherwise extinguish all applications and registrations for trademarks containing the words "HAPPY APPLE," containing any other words or images that are likely to cause confusion with the HAPPY APPLE mark, or furthering or continuing in any way the confusing and dilutive association between marijuana-laced beverages and the HAPPY APPLE mark.

9. An Order directing Defendants to file with this Court and serve on Plaintiffs' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

10. An Order requiring Defendants to account for and pay to Plaintiffs' any and all profits arising from or related to Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

11. An Order requiring Defendants to pay Plaintiffs' their costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

12. Such other and further relief as the Court may order.

**DEMAND FOR JURY TRIAL**

Purusant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Lochirco Fruit and Produce Company, Inc. and The Happy Apple Company respectfully requests a trial by jury of all issues so triable.

Respectfully submitted May 25, 2018.

**Newman Du Wors LLP**

s/Keith Scully
Keith Scully, WSBA #28677
*keith@newmanlaw.com*

COMPLAINT - 14
[Case No.: 2:18-cv-00763]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**TUCKER ELLIS LLP**

s/ Sandra J. Wunderlich
Sandra J. Wunderlich, #39019MO
(*Pro Hac Vice Application Pending*)
100 South 4th Street, Suite 600
St. Louis, Missouri 63102
Telephone: (314) 256-2544
Facsimile: (314) 256-2549
*sandra.wunderlich@tuckerellis.com*

Attorneys for Plaintiffs

COMPLAINT - 15
[Case No.: 2:18-cv-00763]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800